MEMORANDUM OF DECISION
On July 20, 2001 the Department of children and Families (DCF) filed a petition to terminate the parental rights of Linda D. and John Doe to their son Gregory.[2] Respondent mother and John Doe were properly served with the petition. Ms. D. was represented by counsel throughout the proceedings. This court has jurisdiction in this matter and there is no pending action affecting custody of the child in any other court. The statutory grounds alleged as to respondent mother are: no ongoing parent-child relationship and that Ms. D. is the mother of Gregory, a child under the age of seven years, who is neglected or uncared for, and said mother has failed to achieve such degree of personal rehabilitation as "would encourage the belief that within a reasonable period of time, considering the age and needs of Gregory, Ms D. could assume a responsible position in the life of Gregory and Ms. D.'s parental rights of another child had been previously terminated, pursuant to a petition filed by DCF. The statutory ground alleged as to John Doe is abandonment.
The court makes the following findings of fact and conclusions of law by clear and convincing evidence.
Gregory was born on September 1998. Gregory was Ms. D.'s ninth child.[3] In May of 2000 mother was arrested and Gregory was left in the care of a neighbor. A maternal aunt transported Gregory to the then putative father's residence.[4] Due to Gregory having sustained previous injuries while in the care of this man, Gregory was removed from his care. An order of temporary custody was obtained by DCF and on October 5, 2000, Gregory was adjudicated uncared for/homeless and committed to the care and custody of DCF. Gregory has remained committed to DCF to date. Trial regarding the petition to CT Page 287 terminate parental rights commenced on November 1, 2001, continued to November 8th and concluded on December 20, 2001.
Reasonable efforts to reunify Ms. D. with Gregory were deemed no longer appropriate on June 20, 2001. DCF had made reasonable efforts to reunify mother and child.[5] As outlined in State's exhibit B and testified to in court, Ms. D. has a chronic, long standing substance abuse problem and, at times, a transient lifestyle. She also has a prior history of criminal activity, (nothing recently) that has resulted in her being incarcerated. A variety of drug treatment programs have been offered to Ms. D. In-home services to address Gregory's special needs were also attempted to be put in place. Compliance with the programs have been inconsistent and Ms. D. continues to abuse cocaine.
To respondent mother's credit she has successfully maintained a regular visitation schedule with Gregory. She is appropriate during the visits. Ms. D. however cannot maintain a lifestyle free of substance abuse. Gregory is socially, behaviorally and intellectually limited and requires a therapeutic foster home placement.
Adjudication
DCF has not met its burden as to the lack of an ongoing parent/child relationship. Both of the two DCF workers who have been involved with Ms. D. and Gregory testified that mother and child are bonded. Mother was consistent in keeping her supervised visits with her son and acted appropriately during the visits. Gregory, although he calls other females "mommy", does refer to Ms. D. as mommy. Any evidence regarding Ms. D.'s inability to meet Gregory's day to day needs was not evidence applicable to the adjudicative phase of the trial.
The alternative statutory ground alleged has been proven. Gregory is clearly a child under the age of seven years and has been previously adjudicated uncared for. Ms. D. as outlined above, has failed to achieve such degree of personal rehabilitation as would encourage the belief that within a reasonable period of time, considering the age and needs of Gregory, Ms. D. could assume a responsible position in the life of Gregory. Ms. D. had her parental rights terminated as to another child in September of 2000.
The statutory ground of abandonment as to John Doe has been proven by clear and convincing evidence. He is an unknown and obviously has had no involvement in Gregory's life.
Disposition
CT Page 288
In the dispositional phase of a termination case, the court must consider whether DCF has proven by clear and convincing evidence that "termination is in the best interest of the child." It is in Gregory's best interest to terminate the parental rights of respondent mother and John Doe.
In accordance with C.G.S. § 17a-112 (k) the court makes the following findings:
(1) The timeliness, nature and extent of services offered, provided and made available to the parent and the child by an agency to facilitate the reunion of the child with the parent were sufficient. Ms. D. was referred to multiple treatment programs, birth to three services were offered to respondent mother. Visitation was provided both while respondent mother was incarcerated and subsequently when she was released.
John Doe's unavailability made services impossible as to him.
(2) Based on the findings set forth previously, DCF has made reasonable efforts to reunite the family pursuant to the federal Adoption Assistance and Child Welfare Act of 1980, as amended.
(3) Court ordered specific steps were entered into on October 5, 2000. (State's exhibit A). DCF complied with the steps. Respondent mother has failed to maintain a substance abuse free. lifestyle and to successfully complete a drug treatment program and obtain the necessary parenting skills required to care for a special needs child like Gregory. Stable housing, appropriate for Gregory, has not been obtained by respondent mother. For obvious reasons no steps were entered as to John Doe.
(4) Gregory's emotional ties to respondent mother are confusing to him. Dr. Meier testified that although Gregory clearly knows his mother he does not turn to her for basic needs, affection, or support. Dr. Meier found that mother's interaction with Gregory, while initially appropriate, deteriorated during the course of the visit. Ms. D.'s treatment of Gregory had a clearly negative impact on Gregory's behavior and demeanor. Dr. Meier concluded that "there are many concerns, [in addition to the substance abuse issue], specifically, mother's cognitive ability to deal with a special needs child, her insight and judgment, and her willingness to place the needs of the child ahead of her own." (State's exhibit D)
Gregory is thriving in his present therapeutic foster home. He has progressed significantly but is still in need of special needs services.
(5) Gregory is now three years and four months old. He needs permanency CT Page 289 and terminating the parental rights of his biological parents will afford him the possibility of adoption. His present foster family may be a potential adoptive family for Gregory.
(6) John Doe has made no attempt to adjust his lifestyle to reunite with Gregory. Ms. D. has made attempts but they have been feeble and unsuccessful. To her credit she is employed. Ms. D. has not had any recent criminal involvement. She has been consistent with visitation and clearly cares about Gregory. Ms. D., however, has not successfully addressed her abuse of cocaine and the accompanying mental and social issues referred to by Dr. Meier.
(7)This court is unaware of any conduct or actions of any parent or agency that has prevented either parent from maintaining a meaningful relationship with Gregory. There is no economic circumstances which is preventing the parents from successfully reuniting with Gregory.
Conclusion
Based on the foregoing findings, this court finds that it is in the best interest of Gregory that the parental rights of Linda D. and John Doe be terminated. Accordingly, the court hereby grants the termination petition. This court further orders that the Commissioner of DCF is hereby appointed statutory parent of Gregory. The Commissioner shall file with this court no later than thirty days following the judgment a written report of efforts to effect a permanency plan for Gregory and file further reports as are required by state and federal law.
Bernadette Conway, Judge